IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRIQUEZ L. MCFADDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-064 |
| | ) | (Formerly CR 110-282) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Complex in Butner, North Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

**I.    BACKGROUND**

On December 9, 2010, Petitioner pled guilty to one count of felon in possession of a firearm and ammunition. United States v. McFadden, CR 110-282, doc. nos. 15-17 (S.D. Ga. Dec. 9, 2010) (hereinafter "CR 110-282"). On March 18, 2011, United States District Judge J. Randal Hall sentenced Petitioner to forty-eight months of imprisonment, a special assessment of $100.00, a fine of $1,000.00, and three years of supervised release. (CR 110-282, doc. no. 25.) Petitioner did not file a direct appeal. (Doc. no. 1, p. 2.) By letter dated February 10, 2014, Petitioner argued that he was unlawfully given a sentencing enhancement

and mentioned "Section 2255." (CR 110-282, doc. no. 27.) On February 18, 2014, Judge Hall warned Petitioner that the District Court intended to recharacterize his letter as a § 2255 motion and gave Petitioner thirty days to notify the District Court whether he contested the recharacterization, whether he wished to withdraw the letter, or whether he wished to amend the letter to assert any other § 2255 claims. (See id., doc. no. 28, p. 2.) In response, Petitioner filed with the Court the instant motion pursuant to 28 U.S.C. § 2255, signed by him on February 26, 2014, and docketed by the Clerk of the Court on March 11, 2014. (Id.)

In his current motion, Petitioner asserts that his sentence was improperly enhanced for "endangerment of life for having a gun," which was not charged by the grand jury or a part of the indictment, and therefore was not given to the jury. (Id. at 12.) Petitioner contends that the Supreme Court's recent decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013),[1] and Begay v. United States, 553 U.S. 137 (2008),[2] entitle him to file this otherwise untimely petition. (Id.)

---

[1] In Alleyne, the jury found that the defendant had used or carried a firearm during and in relation to a crime of violence, but did not indicate a finding that the firearm was brandished, which would have carried with it a longer mandatory minimum sentence. Alleyne, 133 S. Ct. at 2156. The presentence report recommended a sentence which reflected the mandatory minimum sentence for cases in which a firearm had been brandished. Id. The Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at 2155. The Supreme Court declined to address the narrow exception to this general rule that enhancement for a prior conviction is not an element that must be submitted to the jury, which was recognized in Almendarez–Torres v. United States, 523 U.S. 224 (1998). Id. at 2160 n.1.

[2] In Begay, the Supreme Court addressed whether an offense, specifically a conviction for driving under the influence, is a "violent felony" under the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Begay, 553 U.S. at 148. The Court held that, as to strict liability, negligence, or recklessness crimes, the last clause in § 924(e)(2)(B)(ii) applies only to crimes "roughly similar, in kind as well as in degree of risk posed," to the offenses enumerated in § 924(e)(2)(B)(ii) (burglary, arson, extortion, or crimes involving the use of explosives). Id. at 142-43.

**II. DISCUSSION**

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment and conviction was entered on March 18, 2011, and as no direct appeal was filed, his conviction and sentence became final fourteen days later. See Fed. R. App. P. 4(b)(1). Thus, the instant petition, filed almost three years later, is untimely. Petitioner asserts that Alleyne and Begay, with their new announcements concerning jury findings, qualify him for a later statute of limitations than that enumerated in § 2255(f)(1). (Doc. no. 1, p. 12.) The Court disagrees.

Petitioner is not entitled, under § 2255(f)(3), to have the statute of limitations for filing a § 2255 petition run from the date Alleyne or Begay was decided. First, even though Begay recognized a new retroactive right, see Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1277 (11th Cir. 2013), Petitioner had to file his § 2255 motion within one year of the date the Supreme Court recognized that new right. Begay was decided in 2008, which would still make the current motion untimely. 28 U.S.C. § 2255(f)(3). Second, Alleyne is not retroactively applicable to cases on collateral review. Chester v. Warden, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014) (*per curiam*); Starks v. Warden,

FCC Coleman-USP I, No. 12-15956, 2013 WL 6670797, at *3 (11th Cir. Dec. 19, 2013) (*per curiam*); see also Rhodes v. United States, CV 113–158, 2013 WL 5797641, at *2 (S.D. Ga. Oct. 28, 2013) (Hall, J.) (*"Alleyne* is not retroactively applicable to cases on collateral review."); Doby v. United States, CV 113–152, 2013 WL 5564147, at *3 (S.D. Ga. Oct. 7, 2013) (Bowen, J.) (same). Therefore, Petitioner is not subject to a later statute of limitations based on § 2255(f)(3).

Nor can Petitioner rely on the "due diligence" provision of § 2255(f)(4) to argue that he could not have discovered the basis for his current claims prior to the dates of the decisions of Begay and Alleyne. Discovery of a new legal court opinion does not trigger the statute of limitations in § 2255(f)(4). See Madaio v. United States, 397 F. App'x 568, 570 (11th Cir. 2010) (*per curiam*) ("Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.") (emphasis in original). Therefore, Petitioner is not subject to a later statute of limitations based on § 2255(f)(4). Accordingly, Petitioner's motion, filed almost three years after the date that his judgment and conviction became final, is untimely under § 2255(f).

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 632 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir.

2003). The petitioner bears the burden of proving he is entitled to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

In addition, consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage and that actual innocence, if proved, serves as a gateway by which a petitioner filing an otherwise untimely habeas motion may circumvent the statute of limitations. 133 S.Ct. 1924, 1932 (2013). However, the exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id. at 1933 (internal quotations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Therefore, neither equitable tolling nor the actual innocence exception saves the instant motion from being time-barred under AEDPA.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and

**RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of April, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA